IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH L. BLEWITT,                         )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )   Case No. 16 C 11640
                                           )
ALAN R. BRUGGEMAN, BRUGGEMAN,              )
HURST & ASSOCIATES, P.C., LAW              )
OFFICES OF MITCHELL & ALLEN,               )
LEONARD URBAN AND CECILIA URBAN,           )
                                           )
            Defendants.                    )

## MEMORANDUM ORDER[1]

It is somewhat difficult to believe that pro se plaintiff Joseph Blewitt ("Blewitt") is, as his Complaint ¶ 1 alleges, "an attorney licensed and practicing in the State of Illinois." At least the Complaint that he has drafted here discloses his total lack of knowledge of the most fundamental concept of federal practice -- the need to invoke federal subject matter jurisdiction to gain admission to this District Court (at least figuratively).

It is not simply that Blewitt's attempt to invoke jurisdiction in diversity-of-citizenship terms refers to the Indiana <u>residence</u> rather than the state of <u>citizenship</u> of two of the defendants, Leonard and Cecilia Urban (see, e.g., Complaint Count VII ¶ 12 and Count VIII ¶ 12). That

---

[1] This is one of the last two new lawsuits in which this Court's chambers received a courtesy copy of a newly-filed Complaint before the advent of the New Year. As the text of this memorandum order will reflect, if this Court were inclined to coin outrageous puns it would voice its suspicion that counsel bringing each of those two lawsuits had been practicing before the wrong "bar" in celebrating the imminent arrival of 2017.

alone could justify the sua sponte dismissal of the Complaint in this action, for as succinctly repeated in Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004):

> When the parties allege residence but not citizenship, the district court must dismiss the suit.

But what is far more fundamental than that potentially curable defect is lawyer Blewitt's total ignorance of the requirement of complete diversity established more than two centuries ago in the brief seminal opinion in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). Because Blewitt himself is undoubtedly an Illinois citizen (again see Complaint ¶ 1) and because the same is true of every lawyer and law firm defendant on the other side of the "v." sign -- that is, every defendant except for the Urbans -- this Court is duty bound to dismiss this action at the getgo (see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). Hence both Blewitt's Complaint and this action are dismissed for lack of subject matter jurisdiction.

 

_____
Milton I. Shadur
Date: January 5, 2017              Senior United States District Judge